**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **LAUREN A. HELBLING,** ) | **CASE NO.1:08CV073** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| Vs. ) | |
| ) | |
| **OHIO BUREAU OF WORKERS** ) | **OPINION AND ORDER** |
| **COMPENSATION, ET AL.,** ) | |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on debtor James Lundeen Sr. M.D.'s Motion to Withdraw the Reference of an adversary proceeding arising in bankruptcy. Debtor asks this Court to remove the action pending before the Bankruptcy Court to district court due to the alleged bias of the bankruptcy judge towards debtor. For the following reasons, the Court denies Dr. Lundeen's Motion.

**Factual Background**

This case arises from an underlying Chapter 11 bankruptcy petition filed by debtor James Lundeen Sr. M.D. and two corporations of which he was the sole shareholder. In 1996, Dr. Lundeen and the corporations filed for Chapter 11 bankruptcy. In 1999, the bankruptcy plan of all three debtors, which were jointly administered, was confirmed. In 2002, the cases were closed but were reopened in 2006 when plan creditors contended debtors defaulted on plan payments. Dr. Lundeen seeks to withdraw from bankruptcy an adversary proceeding brought by the trustee of James E. Lundeen Sr., M.D., Inc., against the Ohio Bureau of Workers

1

Compensation and Dr. Lundeen, contending the Ohio Bureau of Workers Compensation held monies for various Lundeen entities, including Dr. Lundeen individually, which rightfully are assets of debtor James E. Lundeen, Sr. M.D., Inc and the trustee is entitled to immediate turnover of those assets.

## **Standard of Review**

On August 4, 2008, Dr. Lundeen filed pro se his Motion to Withdraw the Reference pursuant to 28 U.S.C. 157(d) which states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

In the absence of a determination that resolution of a proceeding requires consideration of both Title 11 and other federal law regulating organizations or activities that affect interstate commerce, withdrawal of reference to the bankruptcy court is discretionary. *Id.* Dr. Lundeen contends this case falls under the mandatory withdrawal provision of 157(d), however, Dr. Lundeen cites no other federal law implicated by the claims of the trustee. The moving party bears the burden of demonstrating that the reference should be withdrawn. *In re Vicars Ins. Agency, Inc.*, 96 F. 3d 949, 953 (7th Cir. 1996). "The question of whether a proceeding is core or non-core is appropriately decided by the bankruptcy court, and it is a central question to the determination of a motion to withdraw reference." *Messinger v. Chubb Group of Ins. Cos.*, 1:06mc121 (N.D. Ohio May 16, 2007), at 3.

## **Analysis**

The bankruptcy court has not made a determination on whether it is a core proceeding or not.  Pursuant to 28 U.S.C. § 157(b)(3), "[t]he bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11."  This question is "central" to the determination of a motion to withdraw the reference and is appropriately determined by the bankruptcy court.  While Dr. Lundeen contends this is a mandatory withdrawal under 157(d), the Court disagrees.  Again, he has cited to no other federal law implicated by the claims of the trustee.  Rather, the claims in the trustee's adversary proceeding appear wholly within the Chapter 11 scheme as the trustee contends entities that may receive funds from the Ohio Department of Workers Compensation are, in fact, improperly seeking funds intended to be paid to the bankrupt estate for the benefit of creditors.  Dr. Lundeen contends many of the patients he treated are workers injured in Ohio but living outside the state or involve national companies.  While this may be true, such arguments do not reflect the intention of the mandatory withdrawal portion of 157(d) that requires a Court to remove a case from bankruptcy where resolution requires consideration of both Title 11 and "other laws of the United States regulating organizations or activities affecting interstate commerce."  The Northern District of Ohio in *In re White Motor Corp.,* 42 B.R. 693 (N.D. Ohio 1984) has held that consideration of other federal laws regulating organizations or activities affecting interstate commerce must be "substantial and material."  *See also In re Nicole Energy Services, Inc., v. McClathy,* 2007 WL 915199 (S.D. Ohio 2007).  As the burden falls on the party seeking removal, Dr. Lundeen must establish mandatory removal is warranted.  He has failed to do so.  He does not allege what federal law is implicated by the claims in the adversary proceeding.  He

merely cites to the out-of-state residence of some patients which raises venue or jurisdiction issues but not material or substantial issues going to the claims themselves. Finally, at least one other court has determined that the types of claims implicated in this adversary proceeding do not implicate laws outside the bankruptcy law -i.e. successor-in-interest, preferential transfers, fraudulent conveyances. *In re Nicole* at #2. Therefore, Dr. Lundeen's Motion to Withdraw the Reference is denied.

Furthermore, the Court has not been apprised of, and is unaware of any Sixth Circuit precedent permitting withdrawal of a bankruptcy reference on the basis of the alleged bias and prejudice of the bankruptcy judge alone. Federal statutes provide the appropriate procedure for removal of a federal judge on the basis of bias or prejudice. See 28 U.S.C. §144, 28 U.S.C. §455, and 28 U.S.C. §351. This Court will not expand upon the statutory scheme already provided in the above referenced statutes to grant withdrawal of the reference for the alleged bias and prejudice of a federal judge.

Therefore, for the foregoing reasons, the Court denies Dr. Lundeen's Motion to Withdraw the Reference.

IT IS SO ORDERED.

 s/Christopher A. Boyko  
CHRISTOPHER A. BOYKO  
United States District Judge

December 15, 2008